# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JIM HENRY BALL, JR.,** | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | }   Case No.:  2:15-cv-01947-RDP |
| | } |
| **VANOSIA S. FAISON, et al.,** | } |
| | } |
| Defendants. | } |

## **MEMORANDUM OPINION**

Plaintiff filed this case on October 30, 2015, alleging violations of his rights under 42 U.S.C. § 1983 and the First, Eighth, and Fourteenth Amendments to the Constitution. (Doc. # 1). These claims all stem from medical treatment Plaintiff received following a November 2, 2013 traffic accident. (*Id.*).

Plaintiff's request to proceed *in forma pauperis* was granted on December 11, 2015. (Doc. # 4). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an action of a plaintiff proceeding *in forma pauperis* if the case is "frivolous," "malicious," or "fails to state a claim on which relief may be granted." *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). On December 11, 2015, the court ordered Plaintiff to show cause within fourteen days why this case should not be dismissed for lack of subject-matter jurisdiction. (Doc. # 4). As of the date of entry of this order—which is more than ten days beyond the deadline imposed—Plaintiff has not responded and thus has failed to show good cause why this case should not be dismissed. For this reason, as well as the following additional reasons, this case is due to be dismissed.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 411 U.S. 375, 377 (1994). A plaintiff's complaint must be premised on either a federal question or diversity of citizenship for a district court to have subject-matter jurisdiction over a case. *See id.*; *see also* 28 U.S.C. §§ 1331, 1332.

This case is premised on claims arising under 42 U.S.C. § 1983 and certain Amendments to the United States Constitution. (*See* Doc. # 1). Those claims would present a federal question if they are viable. However, to establish a viable claim under 42 U.S.C. § 1983, Defendants must have been "a person acting under color of state law." *Nail v. Cmty. Agency of Calhoun Cty.*, 805 F.2d 1500, 1501 (11th Cir. 1986). This element is a jurisdictional requisite for a section 1983 action. *Id.* The Defendants named in the Complaint are private citizens who work for Birmingham Health Care. (*See* Doc. # 1). Plaintiff does not allege (nor does it appear) to be a state actor. (*Id.*). And, Plaintiff does not allege that Birmingham Health Care or the Defendants are "so closely connected to the state that its activities may be attributed to the state." *Nail*, 805 F.2d at 1501. Thus, Plaintiff has not alleged the jurisdictional requisite to advance a section 1983 action. Because Plaintiff does not allege a claim under section 1983, this court does not have federal question jurisdiction over Plaintiff's claims, and it is due to be dismissed. *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998); *see also Linge v. State of Ga. Inc.*, 569 Fed. Appx. 895, 896 (11th Cir. 2014) (dismissing complaint under section 1915(e)(2)(B) because it is "wholly insubstantial and frivolous").

Further, even though Plaintiff does not expressly assert diversity jurisdiction, such jurisdiction does not and cannot exist in this case. Diversity jurisdiction under 28 U.S.C. § 1332 requires that no defendant can be from the same state as the plaintiff. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The named Defendants are purportedly both

residents of Jefferson County, Alabama.  (Doc. # 1).  Plaintiff is also a resident of Jefferson County, Alabama.  (*Id.*).  Accordingly, there cannot be diversity jurisdiction.  Without diversity or federal question jurisdiction, this court has no basis to entertain Plaintiff's Complaint.

Therefore, because this court lacks subject-matter jurisdiction, and in accordance with Federal Civil Rule of Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B), this case is due to be dismissed without prejudice.

**DONE** and **ORDERED** this January 7, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE